RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED No
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Abaid
DATE 12-8-03

FILED
IN CLERK'S OFFICE

2003 DEC -8  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
MOHAMMED BENKHYAT and )
SALAH BANASSOU, )
)
)
Plaintiffs, )
)
v. ) Civil Action No.
)
RARE HOSPITALITY INTERNATIONAL, )
INC. ) **03-12458 JLT**
)
Defendant. )
)

MAGISTRATE JUDGE Collings

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of Massachusetts, Defendant RARE Hospitality International, Inc. states:

1.  <u>State Court Action</u>.

Plaintiffs, Mohammed Benkhyat and Salah Banassou, filed this action against Defendant in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. 03-5245-H, alleging violations of Massachusetts General Laws Chapter 151B and intentional infliction of emotional distress.

2.  <u>Federal Jurisdiction</u>.

Plaintiffs are individuals residing in Somerville and Revere, Massachusetts. Defendant is a Georgia corporation with its principal place of business in Atlanta, Georgia. Plaintiffs claim damages of Two Hundred Thousand Dollars ($200,000.00). Therefore, this Court has subject-

matter jurisdiction pursuant to 28 U.S.C. § 1332, and removal to this Court is proper pursuant to 28 U.S.C. § 1441.

3. <u>Timeliness of Notice of Removal</u>.

Defendant first received notice of the Complaint when it received the Summons and Complaint by certified mail on November 24, 2003. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

4. <u>Relief Requested</u>.

Defendant requests that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached as Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection with Defendant's Local Rule 81.1 Statement.

          RARE HOSPITALITY
          INTERNATIONAL, INC.
          By its attorneys,

          Brian H. Lamkin (BBO# 635688)
          EDWARDS & ANGELL, LLP
          101 Federal Street
          Boston, MA 02110
          (617) 439-4444
          (617) 439-4170 (fax)

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 12/8/03

BOS_425458_1/BLAMKIN

# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5245-H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

PLAINTIFF(S) Mohammed Benkhyat, Salah Banassou

DEFENDANT(S) Rare Hospitality International, Inc

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Edwin Barrett Rainer, Walsh & O'Connor, LLP 60 VFW Parkway Revere, MA 02151

Board of Bar Overseers number: 645230

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B22   TYPE OF ACTION (specify) Employment discrimination   TRACK (F)   IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................. $
2. Total Doctor expenses .................................. $
3. Total chiropractic expenses ............................ $
4. Total physical therapy expenses ........................ $
5. Total other expenses (describe) ........................ $
   Subtotal $
B. Documented lost wages and compensation to date ............ $
C. Documented property damages to date ...................... $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ........................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiffs were subjected to discrimination & retaliation in violation of c.151B (M.G.L.)
   $
   TOTAL $200,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Edwin Barrett_   DATE: 10/31/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 03-5245-H

Mohammed Benkhyat and Salah Banassou, Plaintiff(s)

v.

RARE Hospitality International, Inc, Defendant(s)

## SUMMONS

To the above-named Defendant: RARE Hospitality International, Inc., 8215 Roswell Road, Bldg, 600, Atlanta, Georgia 30350

You are hereby summoned and required to serve upon Edwin Barrett, Esq. Rainer, Walsh & O'Connor, LLP plaintiff's attorney, whose address is 60 VFW Parkway, Revere, MA 02151, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 17th day of November, in the year of our Lord two thousand 2003.

Michael Joseph Donovan
Clerk/Magistrate

Complaint
Tracking Order

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___11/13___, 200 3 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_Personal to Massachusetts Comm. Ins. Sykes, Rule 4_
_2(3)(c)_

Dated: ___11/13___, 200 3 .                   _Edw. K_____

**N.B.  TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 200 . |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 03-5245-14

MOHAMMED BENKHYAT and )
SALAH BANASSOU, )
    Plaintiffs )
 )
v. )
 )
RARE HOSPITALITY )
INTERNATIONAL, INC., )
    Defendant )

## COMPLAINT AND JURY CLAIM

1. Plaintiff, Mohamed Benkhyat is an adult resident of the Commonwealth of Massachusetts residing 23 R Allen Street, Somerville, Middlesex County.

2. Plaintiff, Salah Banassou is an adult resident of the Commonwealth of Massachusetts, residing at 730 Winthrop Avenue, Revere, Suffolk County.

3. Defendant, RARE Hospitality International, Inc., is a corporation organized and incorporated under the laws of the State of Georgia with a principle place of business and headquarters located at 8215 Roswell Road, Bldg. 600, Atlanta, Georgia 30350.

### FACTS

4. At all times relevant to this Complaint, the plaintiff, Mohamed Benkhyat was employed by the defendant, RARE Hospitality International, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts.

5. Plaintiff, Mohamed Benkhyat is a Muslim of Moroccan descent.

6. Plaintiff, Mohamed Benkhyat was diagnosed with conedystrophy and is legally blind.

7. From September 11, 2001, plaintiff, Mohamed Benkhyat's work schedule was sharply decreased until approximately, June 16, 2002, when plaintiff was terminated.

8. In May 2002, after approximately seven (7) years of employment, Plaintiff, Mohamed Benkhyat was told that he was "too slow" and "took too long to read the computers and

printouts".

9. Plaintiff, Mohamed Benkhyat timely filed a Charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

10. Pursuant to Massachusetts General Laws, Chapter 151B, Section 9, the Massachusetts Commission of Discrimination has dismissed the Charge of Discrimination without prejudice, allowing for this private action to be filed.

11. At all times relevant to this Complaint, plaintiff, Mohamed Benkhyat was an employee as defined by Massachusetts General Laws, Chapter 151 B.

12. At all time relevant to this Complaint, RARE Hospitality International, Inc., was an employer as defined by Massachusetts General Laws, Chapter 151 B.

13. At all times relevant to this Complaint, the plaintiff, Salah Banassou was employed by the defendant, RARE Hospitality International. Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts.

14. Plaintiff, Salah Banassou is a Muslim of Moroccan descent.

15. Throughout the course of plaintiff, Salah Banassou's employment, he was always given the hardest and least desirable assignments at the restaurant. Including, but not limited to, cleaning the restroom carry chairs upstairs, vacuuming and mopping. These tasks were not assigned to Caucasian busboys and this behavior escalated after September 11, 2001.

16. Plaintiff, Salah Banassou submitted two written complaints to management. However, neither complaint resulted in either an investigation nor a change in the hostile work environment.

17. Plaintiff, Salah Banassou was verbally accosted by his manager and was informed that he would in fact be terminated because of his race.

18. In response to plaintiff, Salah Banassou's complaints, the plaintiff was physically and verbally accosted.

19. On or about July 17, 2002, plaintiff, Salah Banassou was terminated. The articulated reason for plaintiff's termination was that the complaints of discrimination brought to the attention of his employer caused bad karma in the work place.

20. Throughout the course of his employment with defendant at The Capital Grille, the plaintiff, Salah Banassou was an exemplary employee. He was awarded an employee star, given to the best employee at the restaurant.

21. Throughout the course of his employment with defendant at The Capital Grille, the

plaintiff, Salah Banassou never received a promotion. However, Caucasian busboys, with less experience, were promoted ahead of him.

### COUNT I - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

22.  Plaintiff restates, realleges and incorporates by reference paragraphs 1-21 as stated herein.

23.  The defendant terminated the plaintiff due to his religion, race and national origin.

24.  The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT II - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

25.  Plaintiff restates, realleges and incorporates by reference paragraphs 1-24 as stated herein.

26.  The defendant terminated the plaintiff based on his handicap.

27.  The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT III - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.  Plaintiff restates, realleges and incorporates by reference paragraphs 1-27 as stated herein.

29.  The defendant terminated the plaintiff due to his religion, race and national origin.

30.  As a result of the intentional and/or reckless actions of the defendant, the plaintiff, Mohamed Benkhyat was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

31.  The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

### COUNT IV - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32.  Plaintiff restates, realleges and incorporates by reference paragraphs 1-31 as stated herein.

33.  The defendant terminated the plaintiff due to his handicap.

34.  As a result of the intentional and/or reckless actions of the defendant, the plaintiff,

Mohamed Benkhyat was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

35. The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

### COUNT V - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

36. Plaintiff restates, realleges and incorporates by reference paragraphs 1-35 as stated herein.

37. The defendant terminated the plaintiff, Salah Banassou due to his religion, race and national origin.

38. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT VI - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

39. Plaintiff restates, realleges and incorporates by reference paragraphs 1-38 as stated herein.

40. The plaintiff, Salah Banassou was terminated by the defendant in retaliation for complaining of employment discrimination he encountered at The Capital Grille, owned and operated by the defendant.

41. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT VII - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff restates, realleges and incorporates by reference paragraphs 1-41 as stated herein.

43. The defendant terminated the plaintiff, Salah Banassou due to his religion, race and national origin in violation of Massachusetts General Laws, Chapter 151B.

44. As a result of the intentional and/or reckless actions of the defendant, the plaintiff, Salah Banassou was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

45. The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

**WHEREFORE**, the Plaintiff, Mohamed Benkhyat demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF**, Mohamed Benkhyat demands a trial by jury.

**WHEREFORE**, the Plaintiff, Salah Banassou demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF**, Salah Banassou demands a trial by jury.

By plaintiff's counsel,

Edwin W. Barrett
BBO No. 643230
RAINER, WALSH & O'CONNOR, LLP
60 V.F.W. Parkway
Revere, MA 02151
(781) 289-7900

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET # SUCV2003-05245-H

RE: Benkhyat et al v Rare Hospitality International Inc

TO: Edwin W Barrett III, Esquire
Rainer Walsh & O'Connor
60 VFW Parkway
Revere, MA 02151

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 02/02/2004 |
| Response to the complaint filed (also see MRCP 12) | 04/02/2004 |
| All motions under MRCP 12, 19, and 20 filed | 04/02/2004 |
| All motions under MRCP 15 filed | 04/02/2004 |
| All discovery requests and depositions completed | 08/30/2004 |
| All motions under MRCP 56 filed and heard | 09/29/2004 |
| Final pre-trial conference held and/or firm trial date set | 10/29/2004 |
| Case disposed | 12/28/2004 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "H" sitting in CtRm 16 - 9th fl., 90 Devonshire St., Boston Suffolk Superior Court.

Dated: 11/06/2003

BY:

Michael Joseph Donovan,
Clerk of Courts

Location: CtRm 16 - 9th fl., 90 Devonshire St., Boston
Telephone: 617-788-8147

Nancy E. Goldrick
Assistant Clerk

Check website as to status of case: http://ma-trialcourts.org/tcic