UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 16  A 11: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MOHAMMED BENKHYAT and SALAH BANASSOU, <br><br> Plaintiffs, <br><br> v. <br><br> RARE HOSPITALITY INTERNATIONAL, INC. | Civil Action No. 03-12458-JLT |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 16  A 11: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

MOHAMMED BENKHYAT and )
SALAH BANASSOU, )
)
Plaintiffs, )
)
v. ) Civil Action No. 03-12458-JLT
)
RARE HOSPITALITY INTERNATIONAL, )
INC. )
)
Defendant. )

## LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, attached as Exhibit A are certified copies of the docket entries and all filings in the matter of <u>Benkhyat et al. v. RARE Hospitality International, Inc.</u>, No. SUCV2003-05245 in the docket of the Superior Court of the Commonwealth of Massachusetts for Suffolk County.

RARE HOSPITALITY
INTERNATIONAL, INC.,
By its attorneys,

Brian H. Lamkin (BBO# 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

...reby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: _____

BOS_426758.1/BLAMKIN

# EXHIBIT A

## SUCV2003-05245
### Benkhyat et al v Rare Hospitality International Inc

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 11/04/2003 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 12/08/2003 | Session | H - Civil H | | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | | |
| Lead Case | | Track | F | | | |
| Service | 02/02/2004 | Answer | 04/02/2004 | Rule12/19/20 | 04/02/2004 | |
| Rule 15 | 04/02/2004 | Discovery | 08/30/2004 | Rule 56 | 09/29/2004 | |
| Final PTC | 10/29/2004 | Disposition | 12/28/2004 | Jury Trial | Yes | |

### PARTIES

**Plaintiff**
Mohammed Benkhyat
Active 11/04/2003

Private Counsel 643230
Edwin W Barrett III
Rainer Walsh & O'Connor
60 VFW Parkway
Revere, MA 02151
Phone: 781-289-7900
Fax: 781-485-0624
Active 11/03/2003 Notify

**Plaintiff**
Salah Banassou
Active 11/04/2003

*** See Attorney Information Above ***

**Defendant**
Rare Hospitality International Inc
Service pending 11/04/2003

Private Counsel 635688
Brian H Lamkin
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 12/08/2003 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/04/2003 | 1.0 | Complaint & Jury demand |
| 11/04/2003 | | Origin 1, Type B22, Track F. |
| 11/04/2003 | 2.0 | Civil action cover sheet filed |
| 12/08/2003 | | Cerified copy of petition for removal to U. S. Dist. Court of Deft. Rare Hospitality International, Inc. U. S. Dist.#(03-12458JLT). |
| 12/08/2003 | | Case REMOVED this date to US District Court of Massachusetts |

case01 232366 y y y y y y

I HEREBY ATTEST AND CERTIFY ON
DEC. 9, 2003
THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.
ASSISTANT CLERK.

Page 1 of 2

T

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss							SUPERIOR COURT DEPARTMENT
								CIVIL ACTION NO. _____

								03-5245 - H

MOHAMMED BENKHYAT and        )
SALAH BANASSOU,              )
        Plaintiffs           )
                             )
                             )
v.                           )
                             )
RARE HOSPITALITY             )
INTERNATIONAL, INC.,         )
        Defendant            )
_____)

## COMPLAINT AND JURY CLAIM

1. Plaintiff, Mohamed Benkhyat is an adult resident of the Commonwealth of Massachusetts residing 23 R Allen Street, Somerville, Middlesex County.

2. Plaintiff, Salah Banassou is an adult resident of the Commonwealth of Massachusetts, residing at 730 Winthrop Avenue, Revere, Suffolk County.

3. Defendant, RARE Hospitality International, Inc., is a corporation organized and incorporated under the laws of the State of Georgia with a principle place of business and headquarters located at 8215 Roswell Road, Bldg. 600, Atlanta, Georgia 30350.

## FACTS

4. At all times relevant to this Complaint, the plaintiff, Mohamed Benkhyat was employed by the defendant, RARE Hospitality International, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts.

5. Plaintiff, Mohamed Benkhyat is a Muslim of Moroccan descent.

6. Plaintiff, Mohamed Benkhyat was diagnosed with conedystrophy and is legally blind.

7. From September 11, 2001, plaintiff, Mohamed Benkhyat's work schedule was sharply decreased until approximately, June 16, 2002, when plaintiff was terminated.

8. In May 2002, after approximately seven (7) years of employment, Plaintiff, Mohamed Benkhyat was told that he was "too slow" and "took too long to read the computers and

printouts".

9. Plaintiff, Mohamed Benkhyat timely filed a Charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

10. Pursuant to Massachusetts General Laws, Chapter 151B, Section 9, the Massachusetts Commission of Discrimination has dismissed the Charge of Discrimination without prejudice, allowing for this private action to be filed.

11. At all times relevant to this Complaint, plaintiff, Mohamed Benkhyat was an employee as defined by Massachusetts General Laws, Chapter 151 B.

12. At all time relevant to this Complaint, RARE Hospitality International, Inc., was an employer as defined by Massachusetts General Laws, Chapter 151 B.

13. At all times relevant to this Complaint, the plaintiff, Salah Banassou was employed by the defendant, RARE Hospitality International, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts.

14. Plaintiff, Salah Banassou is a Muslim of Moroccan descent.

15. Throughout the course of plaintiff, Salah Banassou's employment, he was always given the hardest and least desirable assignments at the restaurant. Including, but not limited to, cleaning the restroom carry chairs upstairs, vacuuming and mopping. These tasks were not assigned to Caucasian busboys and this behavior escalated after September 11, 2001.

16. Plaintiff, Salah Banassou submitted two written complaints to management. However, neither complaint resulted in either an investigation nor a change in the hostile work environment.

17. Plaintiff, Salah Banassou was verbally accosted by his manager and was informed that he would in fact be terminated because of his race.

18. In response to plaintiff, Salah Banassou's complaints, the plaintiff was physically and verbally accosted.

19. On or about July 17, 2002, plaintiff, Salah Banassou was terminated. The articulated reason for plaintiff's termination was that the complaints of discrimination brought to the attention of his employer caused bad karma in the work place.

20. Throughout the course of his employment with defendant at The Capital Grille, the plaintiff, Salah Banassou was an exemplary employee. He was awarded an employee star, given to the best employee at the restaurant.

21. Throughout the course of his employment with defendant at The Capital Grille, the

plaintiff, Salah Banassou never received a promotion. However, Caucasian busboys, with less experience, were promoted ahead of him.

### COUNT I - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

22. Plaintiff restates, realleges and incorporates by reference paragraphs 1-21 as stated herein.

23. The defendant terminated the plaintiff due to his religion, race and national origin.

24. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT II - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

25. Plaintiff restates, realleges and incorporates by reference paragraphs 1-24 as stated herein.

26. The defendant terminated the plaintiff based on his handicap.

27. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT III - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff restates, realleges and incorporates by reference paragraphs 1-27 as stated herein.

29. The defendant terminated the plaintiff due to his religion, race and national origin.

30. As a result of the intentional and/or reckless actions of the defendant, the plaintiff, Mohamed Benkhyat was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

31. The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

### COUNT IV - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff restates, realleges and incorporates by reference paragraphs 1-31 as stated herein.

33. The defendant terminated the plaintiff due to his handicap.

34. As a result of the intentional and/or reckless actions of the defendant, the plaintiff,

      Mohamed Benkhyat was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

35. The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

### COUNT V - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

36. Plaintiff restates, realleges and incorporates by reference paragraphs 1-35 as stated herein.

37. The defendant terminated the plaintiff, Salah Banassou due to his religion, race and national origin.

38. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT VI - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### VIOLATION OF M.G.L., c. 151B

39. Plaintiff restates, realleges and incorporates by reference paragraphs 1-38 as stated herein.

40. The plaintiff, Salah Banassou was terminated by the defendant in retaliation for complaining of employment discrimination he encountered at The Capital Grille, owned and operated by the defendant.

41. The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

### COUNT VII - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff restates, realleges and incorporates by reference paragraphs 1-41 as stated herein.

43. The defendant terminated the plaintiff, Salah Banassou due to his religion, race and national origin in violation of Massachusetts General Laws, Chapter 151B.

44. As a result of the intentional and/or reckless actions of the defendant, the plaintiff, Salah Banassou was caused severe emotional distress and harm and associated symptoms, including anxiety, difficulty sleeping, a general feeling of worthlessness and embarrassment.

45. The defendant's actions were intentional and/or reckless. The defendant should have known that emotional distress was likely as a result of its extreme and outrageous conduct towards the plaintiff.

**WHEREFORE**, the Plaintiff, Mohamed Benkhyat demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF,** Mohamed Benkhyat demands a trial by jury.

**WHEREFORE**, the Plaintiff, Salah Banassou demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF,** Salah Banassou demands a trial by jury.

. HEREBY ATTEST AND CERTIFY ON

DEC. 9, 2003 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

By plaintiff's counsel,

Edwin W. Barrett
BBO No. 643230
RAINER, WALSH & O'CONNOR, LLP
60 V.F.W. Parkway
Revere, MA 02151
(781) 289-7900

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5245-H | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Mohammed Ben Khyat, Salah Banassou | | DEFENDANT(S) Rare Hospitality International, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Edwin Barrett Rainer, Walsh & O'Connor, LLP 60 VFW Parkway Revere, MA 02151 Board of Bar Overseers number: 645230 | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................. $
 2. Total Doctor expenses .............................................. $
 3. Total chiropractic expenses ........................................ $
 4. Total physical therapy expenses ................................... $
 5. Total other expenses (describe) .................................... $
                                                       Subtotal $
B. Documented lost wages and compensation to date .................... $
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe)
                                                                $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff's were subjected to discrimination & retaliation in violation of c151B (M.G.L.)
                                                                $
                                                       TOTAL $200,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                       TOTAL $.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Edwin Barrett    DATE: 10/31/01

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
DEC. 9, 2003, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                         SUPERIOR COURT DEPARTMENT
                                                          OF THE TRIAL COURT

MOHAMMED BENKHYAT and )
SALAH BANASSOU,       )
                      )
    Plaintiffs,       )
                      )
v.                    )   Civil Action No. 03-5245-H
                      )
RARE HOSPITALITY INTERNATIONAL, )
INC.                  )
                      )
    Defendant.        )
                      )

### NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO: Mohammed Benkhyat and Salah Banassou, by and through their attorney, Edwin Barrett, Esq., Rainer, Walsh & O'Connor, LLP, 60 VFW Parkway, Revere, Massachusetts 02151

Please take notice that on the 8th day of December, 2003, this action was removed from the Superior Court for Suffolk County to the United States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in the United States District Court is attached hereto as Exhibit A.

RARE HOSPITALITY
INTERNATIONAL, INC.
By its attorneys,

Brian H. Lamkin (BBO# 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

### CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 12/8/03

BOS_425455_1/BLAMKIN

# EXHIBIT A

*Suffolk Superior Civil # 03-5245*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**COPY**

2003 DEC -8  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MOHAMMED BENKHYAT and SALAH BANASSOU, <br><br> Plaintiffs, <br><br> v. <br><br> RARE HOSPITALITY INTERNATIONAL, INC. <br><br> Defendant. | Civil Action No. <br><br> 03-12458 JLT <br><br> MAGISTRATE JUDGE Collings |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of Massachusetts, Defendant RARE Hospitality International, Inc. states:

1. **State Court Action.**

Plaintiffs, Mohammed Benkhyat and Salah Banassou, filed this action against Defendant in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, Civil Action No. 03-5245-H, alleging violations of Massachusetts General Laws Chapter 151B and intentional infliction of emotional distress.

2. **Federal Jurisdiction.**

Plaintiffs are individuals residing in Somerville and Revere, Massachusetts. Defendant is a Georgia corporation with its principal place of business in Atlanta, Georgia. Plaintiffs claim damages of Two Hundred Thousand Dollars ($200,000.00). Therefore, this Court has subject-

matter jurisdiction pursuant to 28 U.S.C. § 1332, and removal to this Court is proper pursuant to 28 U.S.C. § 1441.

3. <u>Timeliness of Notice of Removal</u>.

Defendant first received notice of the Complaint when it received the Summons and Complaint by certified mail on November 24, 2003. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

4. <u>Relief Requested</u>.

Defendant requests that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendant are attached as Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection with Defendant's Local Rule 81.1 Statement.

I HEREBY ATTEST AND CERTIFY ON DEC. 9, 2003, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

RARE HOSPITALITY
INTERNATIONAL, INC.
By its attorneys,

_____
Brian H. Lamkin (BBO# 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 12/8/03  _____

BOS_425458_1/BLAMKIN