FILED
IN CLERKS OFFICE

2004 JAN -8  A II: 21

DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
MOHAMMED BENKHYAT and    )
SALAH BANASSOU,    )
    **Plaintiffs**    )
)
v.    )    CIVIL ACTION NO. 03-12458-JLT
)
CAPITAL GRILLE HOLDINGS, INC.,    )
    **Defendant**    )
_____)

## AMENDED COMPLAINT AND JURY CLAIM

1.     Plaintiff, Mohamed Benkhyat is an adult resident of the Commonwealth of Massachusetts residing 23 R Allen Street, Somerville, Middlesex County.

2.     Plaintiff, Salah Banassou is an adult resident of the Commonwealth of Massachusetts, residing at 730 Winthrop Avenue, Revere, Suffolk County.

3.     Defendant, Capital Grille Holdings, Inc., is a North Carolina corporation with a principle place of business in Atlanta, Georgia 30350.

### FACTS

4.     At all times relevant to this Complaint, the plaintiff, Mohamed Benkhyat was employed by the defendant, RARE Hospitality International, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts.

5.     Plaintiff, Mohamed Benkhyat is a Muslim of Moroccan descent.

6.     Plaintiff, Mohamed Benkhyat was diagnosed with conedystrophy and is legally blind.

7.     From September 11, 2001, plaintiff, Mohamed Benkhyat's work schedule was sharply decreased until approximately, June 16, 2002, when plaintiff was terminated.

8.     In May 2002, after approximately seven (7) years of employment, Plaintiff, Mohamed Benkhyat was told that he was "too slow" and "took too long to read the computers and printouts".

9.     Plaintiff, Mohamed Benkhyat timely filed a Charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

10.    Pursuant to Massachusetts General Laws, Chapter 151B, Section 9, the Massachusetts
       Commission of Discrimination has dismissed the Charge of Discrimination without
       prejudice, allowing for this private action to be filed.

11.    At all times relevant to this Complaint, plaintiff, Mohamed Benkhyat was an employee as
       defined by Massachusetts General Laws, Chapter 151 B.

12.    At all time relevant to this Complaint, RARE Hospitality International, Inc., was an
       employer as defined by Massachusetts General Laws, Chapter 151 B.

13.    At all times relevant to this Complaint, the plaintiff, Salah Banassou was employed by the
       defendant, RARE Hospitality International, Inc. at The Capital Grille located at 359
       Newbury Street, Boston, Massachusetts.

14.    Plaintiff, Salah Banassou is a Muslim of Moroccan descent.

15.    Throughout the course of plaintiff, Salah Banassou's employment, he was always given
       the hardest and least desirable assignments at the restaurant.  Including, but not limited
       to, cleaning the restroom carry chairs upstairs, vacuuming and mopping. These tasks were
       not assigned to Caucasian busboys and this behavior escalated after September 11, 2001.

16.    Plaintiff, Salah Banassou submitted two written complaints to management.  However,
       neither complaint resulted in either an investigation nor a change in the hostile work
       environment.

17.    Plaintiff, Salah Banassou was verbally accosted by his manager and was informed that he
       would in fact be terminated because of his race.

18.    In response to plaintiff, Salah Banassou's complaints, the plaintiff was physically and
       verbally accosted.

19.    On or about July 17, 2002, plaintiff, Salah Banassou was terminated.  The articulated
       reason for plaintiff's termination was that the complaints of discrimination brought to the
       attention of his employer caused bad karma in the work place.

20.    Throughout the course of his employment with defendant at The Capital Grille , the
       plaintiff, Salah Banassou was an exemplary employee. He was awarded an employee
       star, given to the best employee at the restaurant.

21.    Throughout the course of his employment with defendant at The Capital Grille , the
       plaintiff, Salah Banassou never received a promotion.  However, Caucasian busboys, with
       less experience, were promoted ahead of him.

## COUNT I - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC.
## VIOLATION OF M.G.L., c. 151B

22.    Plaintiff restates, realleges and incorporates by reference paragraphs 1-21 as stated herein.

23.    The defendant terminated the plaintiff due to his religion, race and national origin.

24.    The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

## COUNT II - BENKHYAT V. RARE HOSPITALITY INTERNATIONAL, INC. VIOLATION OF M.G.L., c. 151B

25.    Plaintiff restates, realleges and incorporates by reference paragraphs 1-24 as stated herein.

26.    The defendant terminated the plaintiff based on his handicap.

27.    The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

## COUNT V - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC. VIOLATION OF M.G.L., c. 151B

28.    Plaintiff restates, realleges and incorporates by reference paragraphs 1-27 as stated herein.

29.    The defendant terminated the plaintiff, Salah Banassou due to his religion, race and national origin.

30.    The defendant did so in violation of Massachusetts General Laws, Chapter 151B.

## COUNT VI - BANASSOU V. RARE HOSPITALITY INTERNATIONAL, INC. VIOLATION OF M.G.L., c. 151B

31.    Plaintiff restates, realleges and incorporates by reference paragraphs 1-30 as stated herein.

32.    The plaintiff, Salah Banassou was terminated by the defendant in retaliation for complaining of employment discrimination he encountered at The Capital Grille, owned and operated by the defendant.

33.    The defendant did so in violation of Massachusetts General Laws, Chapter 151B.


**WHEREFORE**, the Plaintiff, Mohamed Benkhyat demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF,** Mohamed Benkhyat demands a trial by jury.

**WHEREFORE**, the Plaintiff, Salah Banassou demands judgement against the Defendant, that damages be established and the Plaintiff be awarded same, that defendant pays the Plaintiff liquidated damages for their willful acts, along with costs, interest, and reasonable attorneys fees and award such other appropriate relief as the Court may deem just and proper.

**PLAINTIFF,** Salah Banassou demands a trial by jury.

By plaintiff's counsel,

Edwin W. Barrett
BBO No. 643230
RAINER, WALSH & O'CONNOR, LLP
60 V.F.W. Parkway
Revere, MA 02151
(781) 289-7900