UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMMED BENKHYAT and<br>SALAH BANASSOU,<br><br>  Plaintiffs,<br><br>v.<br><br>CAPITAL GRILLE HOLDINGS, INC.<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-12458-JLT<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

Defendant Capital Grille Holdings, Inc. ("Capital Grille" or "Defendant"), by its undersigned attorneys, answers the Amended Complaint of Plaintiffs Mohammed Benkhyat ("Benkhyat") and Salah Banassou ("Banassou") as follows:

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant admits that Benkhyat was employed by Capital Grille Holdings, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts. Defendant denies all remaining allegations in Paragraph 4 of the Amended Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint.

7. Defendant admits that Benkhyat was terminated in June 2002. Defendant denies all remaining allegations in Paragraph 7 of the Amended Complaint.

8. Defendant denies all allegations in Paragraph 8 of the Amended Complaint.

9. Defendant admits that Benkhyat filed a Charge with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission. Defendant denies all remaining allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits that the Massachusetts Commission Against Discrimination has dismissed Benkhyat's Charge of Discrimination pursuant to Massachusetts General Laws Chapter 151B, Section 9. Defendant denies all remaining allegations in Paragraph 10 of the Amended Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Amended Complaint to the extent those allegations refer to the time period up to and including Benkhyat's termination. Defendant denies all remaining allegations in Paragraph 11 of the Amended Complaint.

12. Defendant admits that, at all times relevant to the Amended Complaint, Defendant Capital Grille Holdings, Inc. was an employer as defined by Massachusetts General Laws, Chapter 151B. Defendant denies all remaining allegations in Paragraph 12 of the Amended Complaint.

13. Defendant admits that Banassou was employed by Capital Grille Holdings, Inc. at The Capital Grille located at 359 Newbury Street, Boston, Massachusetts. Defendant denies all remaining allegations in Paragraph 13 of the Amended Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant denies all allegations in Paragraph 15 of the Amended Complaint.

16. Defendant denies all allegations in Paragraph 16 of the Amended Complaint.

17. Defendant denies all allegations in Paragraph 17 of the Amended Complaint.

18. Defendant denies all allegations in Paragraph 18 of the Amended Complaint.

19. Defendant admits that Banassou was terminated on July 17, 2002. Defendant denies all remaining allegations in Paragraph 19 of the Amended Complaint.

20. Defendant admits that on one occasion Banassou was awarded an employee star. Defendant denies all remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendant denies all allegations in Paragraph 21 of the Amended Complaint.

## COUNT I

22. Defendant restates and incorporates by reference the preceding paragraphs 1 through 21.

23. Defendant denies all allegations in Paragraph 23 of the Amended Complaint.

24. Defendant denies all allegations in Paragraph 24 of the Amended Complaint.

## COUNT II

25. Defendant restates and incorporates by reference the preceding paragraphs 1 through 24.

26. Defendant denies all allegations in Paragraph 26 of the Amended Complaint.

27. Defendant denies all allegations in Paragraph 27 of the Amended Complaint.

**[THE AMENDED COMPLAINT CONTAINS NO COUNT III]**

**[THE AMENDED COMPLAINT CONTAINS NO COUNT IV]**

## COUNT V

28. Defendant restates and incorporates by reference the preceding paragraphs 1 through 27.

29. Defendant denies all allegations in Paragraph 29 of the Amended Complaint.

30. Defendant denies all allegations in Paragraph 30 of the Amended Complaint.

## COUNT VI

31. Defendant restates and incorporates by reference the preceding paragraphs 1 through 30.

32. Defendant denies all allegations in Paragraph 32 of the Amended Complaint.

33. Defendant denies all allegations in Paragraph 33 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Amended Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

2. The Plaintiffs' claims are barred by waiver.

3. The Plaintiffs' claims are barred by estoppel.

4. The Plaintiffs' claims are barred to the extent they have failed to exhaust their administrative remedies.

5. The Plaintiffs' claims are barred by the applicable statute of limitations.

6. The Plaintiffs' claims are barred because they were not performing their job duties at an acceptable level.

7. The Plaintiffs' claims are barred because they were not treated differently than similarly situated employees who were not in Plaintiffs' alleged protected categories.

8. The Plaintiffs' claims are barred because Defendant's actions were motivated by legitimate, non-discriminatory business purposes at all times.

9. Defendant's alleged conduct did not create a hostile, offensive, intimidating, abusive, or harassing work environment.

10. Defendant's alleged conduct was not sufficiently severe or pervasive to, and did not, alter the terms and conditions of Plaintiffs' employment.

11. The Plaintiffs failed to provide any notice to Defendant of any alleged hostile work environment.

12. Defendant neither knew nor had reason to know of any alleged hostile work environment.

13. Benkhyat is not a "handicapped person" within the meaning of G.L. c. 151B.

14. Benkhyat is not a "qualified handicapped person" within the meaning of G.L. c. 151B.

15. Benkhyat could not perform the essential functions of his job, with or without reasonable accommodation.

16. Without conceding that Benkhyat is a "handicapped person" or a "qualified handicapped person," Defendant provided Benkhyat with reasonable accommodations.

17. To the extent, if any, that Defendant is deemed not to have provided reasonable accommodations to Benkhyat, it was not required to do so because the accommodations would have imposed an undue hardship on Defendant's business.

18. Banassou's claims for retaliation are barred because he engaged in no protected conduct under G.L. c. 151B.

19.     Banassou's claims for retaliation are barred because if he did engage in protected conduct under G.L. c. 151B (which Defendant denies), there was no causal relationship between such conduct and any employment action by Defendant.

20.     Plaintiffs' claims for damages are barred to the extent that they failed to mitigate their damages.

WHEREFORE, Defendant Capital Grille Holdings, Inc. respectfully requests that the Amended Complaint, and each and every count thereof, be dismissed with prejudice, and that Defendant be awarded the costs of this action and such other and further relief as the Court deems proper.

CAPITAL GRILLE HOLDINGS, INC.,

By its attorneys,

/s/Brian H. Lamkin_____
Brian H. Lamkin (BBO# 635688)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444
(617) 439-4170 (fax)