UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMMED BENKHYAT and<br>SALAH BANASSOU,<br><br>　Plaintiffs,<br><br>v.<br><br>CAPITAL GRILLE HOLDINGS, INC.<br><br>　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 03-12458-RBC<br>)<br>)<br>)<br>)<br>)<br>) |

## **PROTECTIVE ORDER**

Upon agreement of the parties, and their joint application for a protective order governing the treatment of confidential information and materials produced during discovery, it is hereby ORDERED pursuant to Fed. R. Civ. P. 26(c):

1.　The term "Confidential Material" as used herein shall mean all documents, information, articles, testimony or things ("discovery material") designated as such by any party hereto (hereinafter, a "party" or the "parties").

2.　In designating information as "Confidential Material," a party shall make such a designation only as to discovery material which that party in good faith believes is confidential. "Confidential Material" shall be used only for the purposes of the above-captioned action (including any appeals) and not for any business or other purposes whatsoever. "Confidential Material" shall not be given, shown, made available, disclosed, or communicated in any way except to those persons designated herein.

3.　"Confidential Material" may be disclosed only to the following persons and to no others, including without limitation government agencies or investigating bodies except pursuant

to lawful process, reasonable advance notice of which is to be provided to the party designating such material as confidential:

 (a) The attorneys working on this action on behalf of any party, including in-house counsel who is actively engaged in the prosecution or defense of this action, and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such attorneys;

 (b) Any director, officer or employee of a party or any independent expert retained by such party who is required by such party to work directly on this litigation. Disclosure of "Confidential Material" to such persons will be made only to the extent necessary to perform such work;

 (c) Any witness at deposition or public hearing who is a present employee of one of the parties may be shown "Confidential Material" of that party in connection with his or her testimony;

 (d) Any witness at deposition or public hearing who is a former employee or consultant of one of the parties may be shown "Confidential Material" of that party which pertains to the subject matter of his or her employment or consultation, or to the subject matter of his or her communications with that party, in connection with his or her testimony; and

 (e) Persons or entities noticed for depositions or designated as witnesses at public hearing and their counsel to the extent reasonably and in good faith deemed necessary by counsel for any of the parties to prepare adequately such deponents and/or witnesses to testify.

 4. The persons described in subparagraphs (b) through (e) of paragraph 3 shall have access to the "Confidential Material" only after they have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of

the Acknowledgment of Protective Order (the "Statement") annexed hereto as Exhibit A. Executed copies of the Statements shall be maintained by counsel for the party to whom the Confidential Material is produced and such Statements shall be available for inspection by any party upon leave of Court.  The only persons who shall not be required to sign the statement are counsel and staff referred to in subparagraph 3(a), witnesses who are not employed by any party who are shown confidential documents at deposition or public hearing, stenographers, the Court, and court personnel.  Persons in the possession of "Confidential Material" shall not disclose such information to any other person except in conformance with this Protective Order.

     5.     The parties shall designate "Confidential Material" as follows:

     (a)     In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production:  "CONFIDENTIAL."

     (b)     In the case of interrogatory answers, designation shall be made by placing the following legend on each page of each individual answer designated as "Confidential Material": "CONFIDENTIAL."

     (c)     In the case of depositions, counsel for any party, or counsel for any deponent in this action, who in good faith reasonably believes that any portion of his, her or its testimony discloses any sensitive information of a nonpublic nature, may designate such portions as "Confidential Material" by advising the reporter of the designation.  The reporter shall designate the portion of the transcript (including exhibits) which contains "Confidential Material" by placing the legend "CONFIDENTIAL" on each of the pages of the transcript containing such material and shall mark the face of the transcript indicating that "Confidential Material is contained therein."

(d) Transcripts of depositions, documents and interrogatory answers shall not be filed with the Court unless it is necessary to do so for the purpose of public hearing, trial or motions.

(e) To the extent that any discovery material has been produced by any party prior to the entry of this Protective Order, the party producing such material may retroactively designate such material as "Confidential Material" by placing the appropriate legend on such material and providing such material bearing such legends to the other party. Any documents already produced which already bear such a legend shall be deemed produced pursuant to this Protective Order.

6. No party concedes that any information designated by any other person or party as confidential does in fact contain or reflect confidential information, or has been properly so designated. A party shall not be obliged to challenge the propriety of the designation of information as confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

7. In the event that "Confidential Material" is used in any proceeding herein, it shall not lose its "Confidential Material" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

8. Counsel for either party shall have the right to exclude from depositions any person, other than the deponent and the court reporter, who is not authorized under this Protective Order to receive "Confidential Material" information. Such exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which has been designated as "Confidential Material." Notwithstanding the foregoing, Plaintiff and a representative of Defendant shall be permitted to attend all depositions.

9. Within sixty (60) days of the termination of litigation between the parties, each party shall return all "Confidential Material" and all copies thereof to the party which produced it or shall confirm in writing to the producing party that all such documents have been destroyed, except that counsel shall be permitted to retain copies of court papers, transcripts and attorney work product, which shall remain subject to this Protective Order.

10. By this Protective Order, no person waives any right it may have to object to any or all discovery requests on any applicable grounds or to object to the admission on any applicable grounds of any discovery materials as evidence at any trial or hearing. In any proceeding concerning the confidential and proprietary nature of discovery material a party is seeking to protect from disclosure, the parties shall not use production under this Protective Order by such party as proof that such discovery material is not confidential or proprietary.

11. The provisions of this Protective Order may be modified or supplemented by agreement of the parties hereto only in writing or by subsequent order of the Court. Absent written permission of the party disclosing the "Confidential Material" or further order of this Court, the provisions of this Protective Order shall continue to be binding after the conclusion of this action.

12. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of documents designated "Confidential Material."

15. This Protective Order shall not apply to any document, testimony, or other information (whether designated "confidential" or otherwise) which is: (i) already properly in an opposing party's possession; or (ii) becomes generally available to the public other than as a result of disclosure in violation of this Protective Order; or (iii) becomes properly available to an

- 6 -

opposing party other than through formal discovery in this action. Nothing in this Protective Order shall restrict the use or disclosure by a party of information that it alone has designated confidential.

                                              SO ORDERED ON _____, 2004


                                              _____
                                              ROBERT B. COLLINGS
                                              UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

ACKNOWLEDGMENT OF PROTECTIVE ORDER

I hereby acknowledge that I have read the Protective Order dated _____, 2004 annexed hereto, and agree that, with respect to any material disclosed to me which has been specifically designated as "Confidential Material" and all information contained therein, I shall maintain such material in strict confidence and shall not disclose such material or information to any other person, except in accordance with the terms of the Protective Order.

Dated: _____, 2004        _____
                                                                                   (signature)

                                                                   Print name and address:

                                                                   _____

                                                                  _____

                                                                  _____