UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12458-JLT

|  |  |
|---|---|
| MOHAMMED BENKHYAT and<br>SALAH BANASSOU,<br>    Plaintiffs<br><br>v.<br><br>CAPITAL GRILLE HOLDINGS, INC.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' ASSENTED TO MOTION TO VACATE EXISTING SCHEDULING ORDER AND TO ESTABLISH A NEW SCHEDULING ORDER AT THE OCTOBER 19, 2004 STATUS CONFERENCE**

Now come the above named plaintiffs and move this Honorable Court to vacate the current Scheduling Order. Plaintiffs request revised deadlines for the completion of fact discovery and the disclosure of experts be established at the Status Conference to be held on October 19, 2004.

In support of their motion the plaintiffs state as follows:

1. The parties have been progressing diligently and cooperatively with discovery, which is largely complete.
2. Written discovery has been exchanged and answered as between all parties.
3. Plaintiffs' depositions have been completed. Defendant has reserved the right to re-call Mr. Benkhyat for the purpose of inquiring as to his medical records when such records become available.
4. Deposition of Chris Scott, employee of defendant has been taken
5. Deposition of Mike Sally, former employee of defendant was scheduled, however did not go forward because Mr. Sally was hospitalized the day before. This deposition will be rescheduled when convenient for the parties and Mr. Sally.
6. It is the plaintiffs intent to depose John Martin, an employee of the defendant. Mr. Martin resides out of state and this deposition will be scheduled on a date convenient to Mr. Martin.
7. It is plaintiffs intent to depose Chris Gifford, former employee of defendant. Defense counsel has provide plaintiffs' counsel with Mr. Gifford's last known address and Mr. Gifford will be subpoenaed for a date convenient to counsel.
8. Plaintiffs' counsel has requested the medical records of plaintiff Mohammed Benkhyat

   on numerous occasions. Depending on the contents of those records, the defendant might stipulate that Mr. Benkhyat had a disability at the time of his termination. However, these records, through no fault of the parties, have yet to be produced by the doctor's office.

9. Plaintiff's shall be retaining a vocational expert in connection with plaintiff, Mohammed Benkhyat's claims. Due to a conflict of schedule with said expert and plaintiff's counsel, the expert has not yet been retained and a report not yet produced. Once a report is produced, defendant may then wish to retain its own vocational expert.

Wherefore, it is with the assent of the defendant, that plaintiffs' respectfully request that this Honorable Court vacate the established Scheduling Order and establish deadlines for the completion of fact discovery and the disclosure of experts after conferring with counsel at the Status Conference to be held on October 19, 2004.

Respectfully submitted,
Counsel for plaintiffs,

Edwin W. Barrett
BBO No. 643230
Rainer, Walsh & O'Connor, LLP
60 V.F.W. Parkway
Revere, MA 02151
(781) 289-7900

Assented to,
Counsel for the defendant,

Brian Lamkin
BBO No. 635688
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 951-2261