UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
SALAH BANASSOU,                                 )
                                                )
     Plaintiff,                                 )
                                                )     Civil Action No. 03-12458-RBC
v.                                              )
                                                )
CAPITAL GRILLE HOLDINGS, INC.                   )
                                                )
     Defendant.                                 )
_____)

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, Defendant Capital Grille Holdings, Inc. ("Capital Grille)

hereby requests that the Court provide the following instructions to the jury at the close of the

evidence.


CAPITAL GRILLE HOLDINGS, INC.,
By Its Attorneys,


/s/ Brian H. Lamkin
Brian H. Lamkin (BBO No. 635688)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444
(617) 439-4170 (FAX)

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 1

### General Introduction

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Kevin F. O'Malley, Jay E. Grenig, and the Honorable William C. Lee, <u>Federal Jury Practice & Instructions</u>, § 103.01 (5th ed. 2000).

BOS_495173_3/MDUBNOFF

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 2**

**The Evidence**

Unless you are otherwise instructed, the evidence in this case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed by me, accept the stipulation and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, *et al.*, Federal Jury Practice & Instructions, § 103.30.

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 3**

**The Parties**

In this case, the Plaintiff is Salah Banassou. The Defendant is Capital Grille Holdings, Inc., which I will refer to as Capital Grille.

Capital Grille is a corporation, and a corporation may act only through individuals as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

See id. §§ 103.12, 103.31.

BOS_495173_3/MDUBNOFF

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 4</u>**

**<u>Contentions of the Parties</u>**

The Plaintiff, Mr. Banassou, alleges that the Capital Grille terminated his employment because of his religion, his race, and his national origin, and in retaliation for his complaints about his alleged discrimination.

The Defendant denies that it discriminated against the Plaintiff or retaliated against him. The Defendant claims that it terminated the Plaintiff because the Plaintiff repeatedly refused to respond to the Defendant's inquiries about his allegations of discrimination, which interfered with the Defendant's ability to investigate those allegations; because the Plaintiff was refusing to perform parts of his job; and because Plaintiff was acting in a disruptive manner.

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 5

### Burden of Proof

As the Plaintiff, Mr. Banassou has the burden to prove every essential element of his claims by a preponderance of the evidence.  If he should fail to establish any essential element of one of his claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

O'Malley, *et al.*, Fed. Jury Practice & Instructions, § 104.01.

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence that are generally presented during a trial -- direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

O'Malley, *et al.*, Fed. Jury Practice & Instructions, § 104.05.

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity that the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

O'Malley, *et al.*, Fed. Jury Practice & Instructions, § 105.01.

- 8 -

BOS_495173_3/MDUBNOFF

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 8**

**Discrepancies in Testimony**

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, also consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

Id.

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 9</u>**[1]

<u>**Use of Depositions as Evidence**</u>

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weight, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

<u>Id</u>. § 105.02.

---

[1]    Only if deposition evidence is presented.

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 10

### Effect of Prior Inconsistent Statements or Conduct

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness's testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness's interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Id. § 105.09.

BOS_495173_3/MDUBNOFF

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 11

### Employee At Will Status

I will now begin addressing the specific claims that the Plaintiff has asserted against the Defendant.  In considering those claims, you should keep in mind that the Plaintiff was an at-will employee of Capital Grille. In an at-will employment relationship, both the employer and the employee are generally free to terminate the employment relationship at any time for any reason, good or bad; thus an at-will employee may be terminated at any time for any reason or no reason at all, so long as the reason is not based on unlawful discrimination.

Jackson v. Action For Boston Community Dev't, Inc., 403 Mass. 8, 9 (1988).

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 12**

**Employment Discrimination Claim**

It is unlawful for an employer to intentionally discharge any person because of such person's religion, race or national origin.

Plaintiff claims that the Defendant intentionally terminated him because of his religion, which is Islam, his race, which he identifies as Arab, and his national origin, which is Moroccan. The Defendant denies these charges, and says that it terminated the Plaintiff because the Plaintiff refused to cooperate in the Defendant's efforts to investigate his claim of discrimination and because the Plaintiff was acting in a disruptive manner and refusing to perform certain parts of his job.

It is your responsibility to decide whether the Plaintiff has proven his claim of intentional discrimination by a preponderance of the evidence. Each of the Plaintiff's claims of intentional discrimination must be considered separately.

O'Malley, *et al.*, Fed. Jury Practice & Instructions, § 171.01

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 13

### Plaintiff's Claim For Religious Discrimination

In order to prevail on his claim of religious discrimination, the Plaintiff must prove four things:

First, that he believed in or practiced a particular religion;

Second, that he suffered an adverse employment action;

Third, that Defendant exhibited a discriminatory animus toward the plaintiff's religion, and I'll explain what I mean by "discriminatory animus" shortly; and

Fourth, that the Defendant took the adverse employment action because of a discriminatory animus.

It is undisputed in this case that Plaintiff is a Muslim and that he was discharged. Therefore, you should focus on the third and fourth elements of his claim: namely, whether he has proven by a fair preponderance of the evidence that Defendant had a discriminatory animus against Muslims, and if Defendant had such an animus, whether it discharged Plaintiff because of that animus.

Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001); Cariglia v. Hertz Equip. Rental Corp., 363 F.3d 77, 83 (1st Cir. 2004).

BOS_495173_3/MDUBNOFF

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 14</u>**

**<u>Discriminatory Animus - Defined</u>**

"Discriminatory animus" means having a discriminatory intent, motive or state of mind.

Thus, to prevail on his claim of religious discrimination, Plaintiff must prove by a preponderance

of evidence that Defendant had an anti-Muslim intent, motive or state of mind.  To put it another

way, Plaintiff must prove that Defendant was biased against him because he is a Muslim.

<u>Lipchitz</u>, 434 Mass. at 504.

BOS_495173_3/MDUBNOFF

**DEFENDANT'S REQUEST FOR INSTRUCTION NO.  15**

**Causation – "Determinative Cause"**

      If the Plaintiff proves that the Defendant was biased against him because he is a Muslim, he also must prove that his religion was the "determinative cause" of his termination.  That is, the Plaintiff must prove by a preponderance of the evidence that the Defendant discharged him because of his religious beliefs or practices.  He must show that his religion was a material and important ingredient in the Defendant's decision to discharge him.  In other words, the Plaintiff must show that if he were not a Muslim, he would not have been fired.

Id. at 504-505 & n.19; Cariglia, F.3d at 84-85

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 16**

**Plaintiff's Claim For Racial Discrimination**

The elements of the Plaintiff's claim of racial discrimination are almost identical to those for his claim of religious discrimination. In order to prevail on his claim of racial discrimination, the Plaintiff must prove four things:

First, that he was a member of a particular race;

Second, that he suffered an adverse employment action;

Third, that Defendant exhibited a discriminatory animus toward the plaintiff's race; and

Fourth, that the Defendant took the adverse employment action because of the Plaintiff's race.

It is undisputed that Plaintiff is an Arab and that he was discharged. Therefore, you should focus on the third and fourth elements of his claim: namely, whether he has proven by fair preponderance of the evidence that the Defendant had a discriminatory animus against Arabs, and if so, whether the Defendant discharged the Plaintiff because of that animus.

Lipchitz, 434 Mass. at 502 (2001); Cariglia, 363 F.3d at 83.

BOS_495173_3/MDUBNOFF

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 17</u>**

**<u>Racial Animus - Defined</u>**

Again, "discriminatory animus" means having a discriminatory intent, motive or state of mind, so to prevail on his claim of racial discrimination, Plaintiff must prove that Defendant had an anti-Arab intent, motive or state of mind.   In other words, Plaintiff must prove that the Defendant was biased against him because he is an Arab.

<u>Lipchitz</u>, 434 Mass. at 504.

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 18</u>**

**<u>Causation – "Determinative Cause"</u>**

Finally, the Plaintiff must prove that the Defendant fired him because he is an Arab, and that if he were not an Arab, the Defendant would not have fired him.

<u>Id.</u> at 504-505 & n.19; <u>Cariglia</u>, F.3d at 84-85.

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 19**

**Plaintiff's Claim For National Origin Discrimination**

With regard to Plaintiff's claim of national origin discrimination, he must prove that Defendant exhibited an anti-Moroccan animus and that this animus was a determinative cause in the Defendant's decision to terminate the Plaintiff's employment.

As with the other claims, the Plaintiff must prove that the Defendant was biased against him because he is Moroccan, and that the Defendant would not have fired him if he were not Moroccan.

Id. at 504-505 & n.19; Cariglia, F.3d at 84-85

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 20**

**Retaliation – Elements**

The Plaintiff also claims that he complained to the Defendant about alleged unlawful discrimination, and that the Defendant discharged him in retaliation for his alleged complaints. In order to prevail on his claim of unlawful retaliation, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, that he reasonably and in good faith believed that Defendant was engaged in wrongful discrimination;

Second, that he acted reasonably in response to this belief; and

Third, that the Defendant desired to retaliate against the Plaintiff for complaining about the alleged discrimination, and that its desire to retaliate was a determinative factor in its decision to discharge the Plaintiff.

Tate v. Department of Mental Health, 419 Mass. 356, 364 (1995); Berger v. Brandeis Univ., 2002 WL 31433433, *5-6 (Mass. Super. Ct. Oct. 31, 2002)

BOS_495173_3/MDUBNOFF

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 21

### Retaliation – Elements – "Reasonably And In Good Faith Believed"

In deciding whether the Plaintiff reasonably and in good faith believed that he was being discriminated against by the Defendant, you should consider two questions: whether the Plaintiff actually believed that he was being discriminated against, and whether this belief was reasonable.

The first question focuses on the subjective mindset of the Plaintiff: Did he honestly believe that he was being discriminated against by the Defendant at the time he made his complaints?

The second question is an objective one: it asks whether it would have been reasonable for someone in the Plaintiff's position to believe that he was being discriminated against. In deciding this question, you may not consider the personality of the Plaintiff or his subjective feelings. Rather, you must base your decision on how you believe a reasonable person would have perceived the situation. This reasonable person is neither overly sensitive nor overly hardened.

If the answer to either of these questions is "no," then you must find for the Defendant on the Plaintiff's retaliation claim. If your answer to both of these questions is yes, then you must consider the second element of the claim.

Muzzy v. Cahillane Motors, Inc., 434 Mass. 409, 414 (2001). Cf. Andrews v. City of Philadelphia, 895 F.2d 1469, 1483 (3d Cir. 1990) ("The objective standard projects the employer from the 'hypersensitive' employee").

BOS_495173_3/MDUBNOFF

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 22**

**Retaliation – Elements – "Acted Reasonably In Response To Belief"**

If the Plaintiff can satisfy the first element of his retaliation claim, you must then consider whether he acted reasonably in response to his belief that he was being discriminated against.

In answering this question, you should again focus on what a reasonable person would have done in the Plaintiff's situation.  For example, you may consider whether the Plaintiff provided the Defendant with enough information to investigate and respond to his complaint; whether the Plaintiff cooperated with the Defendant's attempts to address his complaint; and whether the Plaintiff conducted himself properly in the workplace. If you determine that the Plaintiff's response was unreasonable, then you must find for the Defendant on the Plaintiff's retaliation claim.  If, on the other hand, you find that the Plaintiff did act reasonably in response to a reasonable and good faith belief that he was being discriminated against, then you must consider the third element of the Plaintiff's retaliation claim.

Id.; Tate, 426 Mass. at 364; Melnychenko v. Lumber Co., 424 Mass. 285, 293-94 (1997) (employee was bad-mouthing company and aversely affecting morale); Hochstadt v. Worcester Found. for Experimental Biology, 545 F. 2d 222, 230 (1st Cir. 1976) (Anti-retaliation statute does not "insulate [plaintiff's] deportment from adverse scrutiny insofar as it went beyond the pole of reasonable opposition activity.")

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 23

### Retaliation – Elements – "Determinative Cause"

To prove the third element of his retaliation claim, Plaintiff must show that the Defendant's alleged desire to retaliate against him for complaining about alleged discrimination was a determinative factor in its decision to discharge him.  That is, the Plaintiff must show both that the Defendant had a desire to retaliate against him and that but for the Plaintiff's complaints, the Defendant would not have terminated him.

Note that it is not unlawful for an employer to discharge an employee who engages in improper behavior or does not adhere to the employer's standards of conduct, even if the improper behavior or failure to adhere to standards relates to the manner in which the employee is complaining about alleged discrimination.

Melnychenko v. 84 Lumber Co., 424 Mass. 285, 293-294 (1997); MacCormack v. Boston Edison Co., 423 Mass. 652, 662 (1996).

     BOS_495173_3/MDUBNOFF

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 24

### Damages – Proof

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered. If you find for the Defendant, then you need not and should not consider the question of damages. On the other hand, if you find for the Plaintiff on any of his claims, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. In this case, the parties agree that if you find for the Plaintiff, the amount of his damages for lost wages is $1,815.00. Therefore, the only item of damages you should consider is for the Plaintiff's alleged emotional distress.

Ninth Circuit, Model Jury Instructions, § 7.1-7.2 (2001 ed.) (modified).

BOS_495173_3/MDUBNOFF

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 25**

**Damages – Emotional Distress**

Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety, or humiliation suffered as a result of the unlawful discrimination or retaliation, if you found such unlawful conduct to have occurred.  The Plaintiff must prove the existence of his alleged emotional distress by substantial evidence; you may not simply infer the existence of emotional distress from a finding that unlawful discrimination or retaliation has taken place.  The Plaintiff also must prove that the Defendant's unlawful conduct (if you have found that the Defendant engaged in unlawful conduct) caused his emotional distress.

Although uncertainty in the amount of damages does not bar recovery and mathematical precision is not required, you must not speculate, conjecture, or guess in awarding damages.  Any award of emotional distress should be fair and reasonable, and proportionate to the distress suffered.  Some factors that you should consider include the nature and character of the alleged harm; the severity of the harm; the length of time the Plaintiff has suffered and reasonably expects to suffer; and whether the Plaintiff has tried to mitigate the harm, for example by counseling or by taking medication.

Stonehill College v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549, 576 (2004).

BOS_495173_3/MDUBNOFF

**<u>DEFENDANT'S REQUEST FOR INSTRUCTION NO. 26</u>**

**<u>Duty to Deliberate</u>**

Your verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgments.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

O'Malley, *et al.*, <u>Fed. Jury Practice & Instructions</u>, § 106.01.

BOS_495173_3/MDUBNOFF

## DEFENDANT'S REQUEST FOR INSTRUCTION NO. 27

### Election of Foreperson -- Special Verdict

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in court.

A form of special verdict has been prepared for your convenience. You will take this form to the jury room. I now direct your attention to it.

You will see that the form asks you to make specific written findings as to each issue of fact. For example, the first questions ask you to indicate whether you believe the Plaintiff has met his burden of proof on his discrimination claims. Lower in the document, you are asked to indicate whether you believe the Plaintiff has met his burden on the elements of his retaliation claim.

Toward the bottom, you are instructed that if you find for the Plaintiff on any of his claims, you should indicate the amount of damages that you believe the Defendant should pay to the Plaintiff.

Finally, if you have found for the Plaintiff on any of his claims, you should enter your verdict for the Plaintiff and indicate the amount of damages you award. If you have found against the Plaintiff on all of his claims, you should enter your verdict for the Defendant.

O'Malley, *et al.*, Fed. Jury Practice & Instructions, § 106.05 (modified)

**DEFENDANT'S REQUEST FOR INSTRUCTION NO. 28**

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiff, that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person -- not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached the unanimous verdict.

Id. § 106.08.